[Civil No. 647.    Filed March 15, 1899.]

[56 Pac. 737.]

## WILLIAM STOWE DEVOL, Plaintiff and Appellant, v. THE BOARD OF REGENTS OF THE UNIVERSITY OF ARIZONA, Defendants and Appellees.

1. UNIVERSITY OF ARIZONA—REGENTS—EMPLOYMENT OF INSTRUCTORS—NOTICE OF DISMISSAL—LAWS ARIZ. 1885, ACT APPROVED MARCH 12, SEC. 11, AS RE-ENACTED AND REVISED BY REV. STATS. ARIZ. 1887, PAR. 2496, CONSTRUED.—Under the statute, *supra,* providing that the board of regents of the University of Arizona shall have the power to remove any officer or employee when in their judgment the interests of the university require it, the board has no power to enter into a contract with an instructor providing that the

employment shall be terminated only upon notice for a fixed time, and no action can be maintained by an instructor dismissed without notice for salary during the time of notice provided thereby.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

The facts are stated in the opinion.

Hereford & Hazzard, for Appellant.

Defendant contended that paragraph 2496 of the Revised Statutes of Arizona, giving the board ''power to remove any officer or employee . . . when in their judgment the interests of the university require it,'' rendered the board's contract with the plaintiff void. We do not deny the board's power to remove plaintiff. Had it lacked the power, we might have brought a suit for an injunction instead of for damages. In the absence of paragraph 2496, professors might have fixed terms of office which the board could not disturb. But paragraph 2490 also gives the board power to contract and to be sued. A case completely on all-fours with this is the case of *The Board of Regents of Kansas State Agricultural College* v. *Mudge,* 21 Kan. 223, in which the court decided that the contract was binding, and the plaintiff recovered the amount of his salary for three months following his discharge as damages.

William H. Barnes, for Appellees.

STREET, C. J.—The appellant, William Stowe Devol, brought an action against the board of regents of the University of Arizona, in the district court of Pima County, to recover the sum of five hundred dollars, and alleges that on the fifteenth day of January, 1895, the defendant employed him as professor of agriculture at the University of Arizona, at an agreed salary of $1,750 per year; that by the terms of the contract it was provided that either party should have three months' notice of the termination of said employment; that on the first day of July, 1896, the salary was raised to two thousand dollars per year; that he performed all of the duties faithfully; and that on the 30th of October, 1897, with-

out any notice whatever, and in violation of the terms of employment, he was dismissed and discharged from the employment as professor, to his damage in the sum of five hundred dollars. The defendant demurred to the complaint, but the record fails to show that the demurrer was ever called up for trial. The defendant also filed a general denial. The findings of the court and judgment were in favor of the defendant, from which the plaintiff appealed.

The assignments of error relate principally to the admission and rejection of evidence, but, upon the view we take of the case, it will be unnecessary for us to examine the record and rule upon such assignments. The University of Arizona is of legislative creation, created by an act of the legislative assembly of Arizona of date March 12, 1885, re-enacted and revised by the legislative assembly of 1887. Both acts provide that the government of the university shall vest in a board of regents. Section 11 of both acts recites that "the board of regents shall have the power to remove any officer or employee connected with the institution other than the chancellor or member of the board of regents, when, in their judgment, the interests of the university require it." By that act, the full power of hiring and discharging any member of the faculty is given to the board of regents, to be exercised in their own wise discretion. The university is a public institution, placed under the control of the board of regents, with full powers to manage the same, subject only to the will of the legislature. Appellant claims that the board had no right to discharge him without giving him three months' notice, and the amount that he seeks to recover from the board is for the time that he remained idle after he was discharged by the board,—that is, for the months of November, December, and January,—without any pretense that he had rendered any service during those months. He asks this by virtue of a resolution of the board of regents, which is as follows: "On motion, the following resolution was duly adopted: Resolved, That it shall be considered as a part of the contract of employment of all professors, instructors, and members of the station council employed by the university that such employment may be terminated by either party by giving three months' notice to the other party; provided, however, that any such professor, instructor, or member of the station council may

be discharged for just cause at any time." Appellant claims that the terms of the resolution were a part of his contract. He was employed by Theodore Comstock, president of the university, under resolution of the board of regents of date October 5, 1894, which is as follows: "It was duly ordered that President Comstock be authorized to take the proper steps to the filling of the position of professor of agriculture and horticulture in the college, and agriculturalist and horticulturalist in the experimental station." President Comstock made negotiations with appellant, and closed the contract with him, with the understanding between the two, by virtue of the resolution above recited, that three months' notice would be required to either party to terminate the employment, and the agreement between Comstock and appellant was reported to the board of regents, and the board, on January 7, 1895, ratified the action of President Comstock. When the legislative assembly gave the board of regents the power to hire and dismiss the employees, "when, in the judgment of the board, the interests of the university require it," they did not grant to the board the power to bind themselves, or to bind others who might be their successors on the board, by a contract different from that which was prescribed by the statute. They gave them no power to fix times of notice for the discharge of employees. If the board could fix such time at three months, to bind themselves or their successors, they could fix it at six months, or nine months, or a year, which would be in direct violation of the interests of the institution as the legislature had created it. One board of regents about going out of office, and desiring to extend a favor to those already employed by them, or desiring to place in the employment of the university some favorite, might pass a resolution that he could not be discharged with less than a year's notice; and, however much the succeeding members of the board might deem it to the best interests of the university to discharge the person so employed, they would be powerless to relieve the university, if a resolution of that nature were allowed to be of controlling effect upon the statute.

It is suggested by appellant that, if the statute did reserve to the board the power of removal, yet the resolution of the board, and the agreement in conformity with it, made a contract binding on the board to the extent that they would

have to pay appellant for three months' idle time. Were the contract their individual contract, it might be so, but it is a public contract, by a public board, for a public institution, and the board has no power to pay out public money for services not rendered. If, after his discharge, another filled his place, the territory would have to pay double for single service. The public money cannot be so used or the legislative will so thwarted. The board had no power to make such a contract. Appellant's contract with them was under the statute, not under the resolution. The court committed no error in making its finding and rendering judgment for the defendant. The judgment of the district court is affirmed.

Sloan, J., and Doan, J., concur.